NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3274
_____

UNITED STATES OF AMERICA

v.

DAVID GRIFFIN OLDHAM,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 1-09-00382-001)
Honorable William W. Caldwell, District Judge
_____

Submitted under Third Circuit LAR 34.1(a)
March 25, 2011

BEFORE: FUENTES, SMITH, and GREENBERG, Circuit Judges

(Filed: March 31, 2011)
_____

OPINION OF THE COURT
_____

GREENBERG, Circuit Judge.

This matter comes on before this Court on David G. Oldham's appeal from a

judgment of conviction and sentence entered on July 22, 2010, on the basis of his plea of

guilty to all three counts of an indictment charging him with theft of firearms from a

federal licensed firearms dealer's business inventory that had been shipped or transported in interstate or foreign commerce in violation of 18 U.S.C. § 922(u) (Count I), possession of stolen firearms that had been transported in interstate or foreign commerce in violation of 18 U.S.C. § 922(j) (Count II), and transporting and shipping stolen firearms in interstate commerce in violation of 18 U.S.C. § 922(i) (Count III). The District Court determined that Oldham's criminal history category was VI and his total offense level was 27, a combination that yielded a sentencing guidelines custodial range of 130 to 162 months. The Court, however, though rejecting Oldham's request for a departure, granted him a variance and imposed a custodial sentence of 120 months, divided between 110 months on Count I and five months each on Counts II and III, all sentences to be consecutive. In addition, the Court ordered that Oldham serve three concurrent terms of supervised release of three years each following his release from imprisonment. It also imposed a special assessment of $100 and ordered that he pay restitution of $7,817.48, though it did not impose a fine.

We appointed Ari D. Weitzman under the Criminal Justice Act to represent Oldham on this appeal, continuing an appointment that the District Court made. Weitzman has filed a petition pursuant to <u>Anders v. California</u>, 386 U.S. 738, 87 S.Ct. 1396 (1967), and 3d Cir. L.A.R. 109.2(a) (2008) seeking permission to withdraw as Oldham's attorney. In addition, he has filed a brief on the merits of the case setting forth possible arguments that could be advanced on behalf of Oldham but concluding "that there are no non-frivolous issues upon which Appellant's sentence may be vacated or reduced." Appellant's br. at 24.

Weitzman sent a copy of the petition and brief to Oldham with a letter indicating that Oldham could retain private counsel who could attempt to withdraw or supplement Weitzman's brief and that Oldham could respond to Weitzman's brief "and raise any additional issues that he believes are meritorious." Following Weitzman's letter to Oldham, our clerk wrote Oldham and gave him the opportunity to file a pro se brief within 30 days but Oldham has not done so.[1]

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the District Court's interpretation of the sentencing guidelines on a plenary basis and its findings of fact for clear error but review its refusal to depart downwards to determine if the Court understood its power to depart. See United States v. Grier, 585 F.3d 138, 141-42 (3d Cir. 2009); United States v. Givan, 320 F.3d 452, 463 (3d Cir. 2003). We review the procedural and substantive reasonableness of the sentence for an abuse of discretion. United States v. Merced, 603 F.3d 203, 213-14 (3d Cir. 2010).

After our review of the appeal, exercising the appropriate standards of review, we do not find any non-frivolous issues and thus we do not see any basis to vacate or modify the sentence or to grant Oldham any relief. Accordingly, we grant Weitzman's petition to withdraw and will affirm the judgment of conviction and sentence entered on July 22, 2010.

---

[1] We note that the government in its statement of issues in its brief on this appeal indicates that Oldham "has filed a pro se response to the [Anders] brief," appellee's br. at 2, but later indicates in its brief that Oldham "has not filed any informal brief in response" to Weitzman's br. Id. at 9-10. In fact, Oldham has not filed a brief.